# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR DEVIATYN,<br><br>    Petitioner,<br><br>    v.<br><br>ALBERTO GONZALES, et al.,<br><br>    Respondents. | 1:07-CV-00993 OWW NEW (DLB) HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement (ICE) and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition alleges that the continued detention of Petitioner violates Petitioner's substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment to the Constitution and is a violation of Respondent's statutory authority.

## FACTUAL SUMMARY[1]

    Petitioner is a native and citizen of Kyrgyzstan. Petitioner is currently being detained at the Kern County Jail in Bakersfield, California.

---

[1] This information is derived from Petitioner's petition for writ of habeas corpus.

1

In March 7, 2007, an Immigration Judge ordered Petitioner deported/excluded/removed from the United States. Petitioner did not appeal the order and he is therefore now subject to a final order of removal. Petitioner entered the custody of ICE on March 7, 2007, and has been detained continuously by ICE since then.

## DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus.[2] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing § 2254 Cases; see, also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

In the instant case, Petitioner states that he is being mandatorily and indefinitely detained by ICE in violation of the Fifth Amendment of the U.S. Constitution and in violation of Respondent's statutory authority and Petitioner's substantive and procedural due process rights under the Fifth Amendment. This issue was addressed by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

---

[2] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

2

1    In Zadvydas, the U.S. Supreme Court found that the habeas corpus statute grants federal
2 courts the authority to determine whether post-removal-period detention is pursuant to statutory
3 authority.[3] Id. In addition, the Court held that the Immigration and Nationality Act's (INA) post-
4 removal-period detention statute does not permit indefinite detention but "implicitly limits an
5 alien's detention to a period reasonably necessary to bring about that alien's removal from the
6 United States." Id at 689.  When faced with making such a determination, the Court must
7 consider "the basic purpose of the statute, namely, assuring the alien's presence at the moment of
8 removal." Id. at 699.  In addition, the Court must take appropriate account of the Executive
9 Branch's "greater immigration related expertise," the Bureau's "administrative needs and
10 concerns," and the "Nation's need to speak with one voice on immigration." Id.  The Supreme
11 Court attempted to limit those occasions when the federal court would need to make such
12 "difficult judgments" by setting a "presumptively reasonable period of *detention*" of *six months*.
13 Id. at 701 (italics added).  The burden is on the alien to show that there is no reasonable
14 likelihood of repatriation.  Id. ("This 6-month presumption, of course, does not mean that every
15 alien not removed must be released after six months. To the contrary, an alien may be held in
16 confinement until it has been determined that there is no significant likelihood of removal in the
17 reasonably foreseeable future.").   After six months and once an alien makes a showing that there
18 is no "significant likelihood of removal in the reasonably foreseeable future, the Government
19 must respond with evidence sufficient to rebut that showing." Id.  However, where an alien
20 seeks release prior to the expiration of the presumptive six-month period, his claims are unripe
21 for federal review.  See Abbott Laboratories, Inc. v. Gardner, 387 U.S. 136, 148- 49, 87 S.Ct.
22 1507  (1967) ("[The ripeness doctrine's] basic rationale is to prevent the courts, through
23 avoidance of premature adjudication, from entangling themselves in abstract disagreements over
24 administrative policies, and also to protect the agencies from judicial interference until an
25 administrative decision has been formalized and its effects felt in a concrete way by the
26 challenging parties.").

---

28    [3]The Supreme Court analyzed the constitutionality of the period of post-removal-*detention*, not the period of post-removal.  See Zadvydas, 533 U.S. at 699.

3

1    In this case, Petitioner has remained in the custody of the BICE following an order of removal since March 7, 2007. Petitioner's current detention is still within the six month "presumptively reasonable period of detention." Zadvydas, 533 U.S. at 701. Moreover, the court notes that with respect to Kyrgyzstan nationals, repatriation is generally successful. Petitioner's allegation alone is, therefore, insufficient to overcome the presumption of reasonableness of the six month period and his claims of constitutional violations are not ripe for review. Should Petitioner's detention continue past the six month presumptive period, he may re-file the instant federal action and obtain review. At that time, however, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE as the claims raised are not ripe for federal review. IT IS FURTHER ORDERED that the Clerk of Court ENTER judgment and terminate this action.

IT IS SO ORDERED.

**Dated:   July 25, 2007**             /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE